JOSEPH T. CONROY, PETITIONER, v. HENRY G. NULTON, COUNTY CLERK OF THE COUNTY OF UNION, DEFENDANT.

Argued September 23, 1946—Decided September 25, 1946.

Before Justice COLIE, sitting alone pursuant to the statute.

For the petitioner, *Raymond A. Leahy*.

For the defendant, *Carroll W. Hopkins*.

COLIE, J. Joseph T. Conroy, candidate on the Democratic ticket for the office of city councilman for one of the wards

in the City of Elizabeth to be voted on at the general election on November 5th, 1946, has presented a petition in which he states that he is desirous of resigning as a candidate; that he presented his written resignation to the county clerk of Union County and that the latter refused to accept the same and he prays that an order may issue out of this court directing the county clerk to accept said resignation and directing the county clerk to substitute therefor the name of a candidate to be presented under the provisions of *R. S.* 19:13–20. As to an order directing the county clerk to substitute a name, the application is premature, and that prayer of the petition is therefore denied.

It is asserted on behalf of the petitioner that the authority of the Supreme Court Justice presiding over the given county is to be found in *R. S.* 19:13–12 (as amended *Pamph. L.* 1942, *ch.* 50, *p.* 278), which, so far as pertinent, reads: "In all other cases the justice of the supreme court holding the circuit court in and for the county in which any petition of nomination shall be filed, on the application or complaint, duly verified, of any candidate, which application or complaint shall be made at least thirty-six days before the election, setting forth any invasion or threatened invasion of his rights under the petition of nomination filed * * * with any county clerk, shall hear such application or complaint in a summary way and make such order thereon as will protect and enforce the rights of such candidates, * * *."

It will be noted that the jurisdiction given to the Justice of the Supreme Court goes to "an invasion or threatened invasion of his rights under the petition of nomination." It should be noted that the statute, *R. S.* 19:13–12, refers to "the petition of nomination" and it is to be found in the Revised Statutes under article 2 dealing with "direct nominations by petition." I choose to consider that article 2 dealing with direct nominations by petition does not limit the consideration only to a direct petition, but that it includes in the words of the statute "any petition of nomination." It seems apparent that the right of a candidate to resign is an inherent right of the individual, subject to reasonable legislative restrictions. In the present situation, the legislature has seen

fit to limit the exercise of that right to some date "not later than thirty-seven days before the general election." *R. S.* 19:13–20 as amended by chapter 50, laws of 1942.

In this case the right of Mr. Conroy to stand as a candidate arose out of the petition of nomination, and we think that it may properly be said that the refusal of the county clerk to accept his resignation is so closely tied up with the petition of nomination as to be a threatened invasion of his rights under the petition of nomination filed with the county clerk.

My attention has been called to *R. S.* 19:55–81 (b) (*Pamph. L.* 1945, *ch.* 11, *p.* 44), "All vacancies in any nomination for any office to be voted upon at any general election shall be filled whenever practicable on or before July fifteenth of the year in which it is to be held." Strictly speaking, this provision has no applicability to the present situation, but may have applicability as, if and when the vacancy caused by the resignation of Mr. Conroy as a candidate is attempted to be filled. As to that, the court expresses no opinion.

An order may be presented directing the county clerk of Union County to accept the written resignation of Mr. Conroy as a candidate.